Opinion
YEGAN, J.
In this case of first impression in California, we hold that a defendant charged with reckless driving may not defend on the theory that he did so out of “necessity” because a third person, not in his vehicle, is in need of medical assistance. In this factual context, to hold otherwise would be tantamount to our issuing an unwarranted “reckless driver’s license.”
Ronald Karl Morris was convicted in a jury trial of reckless driving. (Veh. Code, §23103.)[1] He appeals contending: “I. The court erred in excluding on hearsay grounds the proposed testimony of defense witnesses. II. Exclusion of... [appellant’s girlfriend’s] home pregnancy [test] results were error. III. Arguing the absence of evidence that ... [the prosecutor] succeeded in excluding was prosecutorial misconduct. IV. The court erred *Supp. 10 in instructing the jury on the necessity defense by shifting the burden of proof to the appellant.”
We need not and do not reach the merits of appellant’s contentions. At the outset, we emphasize that appellant does not claim that the evidence here credited by the trier of fact was insufficient to support the determination that the manner in which he operated his motorcycle was other than reckless.[2]
 The only issues presented below for factual determination concerned the defense of “necessity.” As indicated, we have concluded that appellant was not even entitled to have the jury consider this issue since, as a matter of law, a defendant charged with reckless driving may not defend on the theory that he did so out of “necessity” because a third person, not in his vehicle (or here, on his motorcycle), is in need of medical assistance.
“Because the right to instructions on ... [necessity] is the central issue in this appeal, our recital of the evidence introduced at trial is necessarily one emphasizing matters which would justify such instructions, rather than the customary summary of evidence supporting the judgment. (Citations.)” People v. King (1978) 22 Cal.3d 12, 15-16 [148 Cal.Rptr. 409, 582 P.2d 1000], fn. omitted; see also People v. Wilson (1967) 66 Cal.2d 749, 763 [59 Cal.Rptr. 156, 427 P.2d 820]; People v. Patrick (1981) 126 Cal.App.3d 952, 961 [179 Cal.Rptr. 276].) We also assume, without deciding, that the trial *Supp. 11 court erroneously excluded evidence to the effect that: 1. Three people heard appellant receive the message delivered to him that there was a medical emergency at his home and, 2. The result of a “home pregnancy test” for his girlfriend was positive. This evidence would have corroborated appellant’s testimony that in good faith, he reasonably believed that his girlfriend was in need of emergency medical treatment and was, consistent with past history, having a miscarriage, thus prompting him to drive in a “hurry.”
As succinctly articulated by Justice Scott in In re Weller (1985) 164 Cal.App.3d 44, 50-51 [210 Cal.Rptr. 130] (cone, opn.), our Legislature has never codified the “necessity” defense and while the various decisions of the Court of Appeal have been uncertain about its elements, our United States Supreme Court has indicated that whether denominated as “necessity” or “duress,” “[u]nder any definition of these defenses one principle remains constant: if there was a reasonable, legal alternative to violating the law ... the defenses will fail.” (United States v. Bailey (1980) 444 U.S. 394, 410 (62 L.Ed.2d 575, 591, 100 S.Ct. 624).) (In re Weller, supra, at p. 51 [trespass]; see also People v. Patrick, supra, 126 Cal.App.3d at p. 960 [kidnapping and false imprisonment], People v. Lovercamp (1974) 43 Cal.App.3d 823, 831 [118 Cal.Rptr. 110, 69 A.L.R.3d 668] [escape], People v. Pena (1985) 149 Cal.App.3d Supp. 14, 25 and fn. 13 [197 Cal.Rptr. 264] [driving under the influence].)
In the present case, rather than “.. .driving like a crazy man...” with the unacceptable risk of human carnage and property damage strewn in his wake, appellant had a legal alternative to violating the law. That is to say, in this modem age of telecommunication, appellant, by the simple use of a telephone, could have summoned police, fire, rescue, and medical aid to the location where he believed his girlfriend was having a miscarriage. Had appellant done so, citizens oblivious to his girlfriend’s plight would have been alerted to the responding emergency vehicles with their flashing lights and blaring sirens. Public policy and common sense compel the conclusion that this legal, reasonable and viable alternative to reckless driving eviscerates the necessity defense here tendered. However, we share the apparent concern of Mr. Witkin that a driver, confronted with his or presumably a passenger’s medical emergency, should be permitted the opportunity to defend a reckless driving charge arising out of a journey to the hospital on the theory of “necessity.” A citizen cannot be reasonably expected to engage in self-sacrifice and bleed to death at the altar of the Vehicle Code by observing the basic speed law and other rules of the road. (See 1 Witkin, Cal. Crimes (1963), § 248, pp. 232-233.)
The net result of our holding is that, by reason of the trial court’s largesse, appellant was permitted the opportunity to have the jury acquit him because *Supp. 12 of “necessity.” He was simply not entitled thereto and he may not now successfully complain of claimed trial court errors based thereon.
The judgments are affirmed.
Bradley, P. J., and Jones, J., concurred.

Vehicle Code section 23103 proscribes driving “.. .any vehicle upon a highway in willful or wanton disregard for the safety of persons or property.....”
Probation was granted upon certain terms and conditions in this case, inter alia, the payment of a $160 fine. The facts and circumstances which formed the evidentiary basis for this conviction led the court to revoke probation previously granted in a driving-under-the-influence case. As a result thereof, probation was reinstated on the further term and condition that appellant serve 30 days in the county jail.

Nor could he. The engrossed settled statement on appeal, in pertinent part, recites: “Officer Randall testified that on May 1, 1985 at approximately 8:20 p.m., he observed a motorcycle northbound on Borchard Street in the City of Ventura run the stop light at the intersection of Main Street and Borchard Street. Officer Randall... [then saw the motorcycle] speeding eastbound on Loma Vista. Officer Randall pursued the motorcycle and noted that, although he was going approximately 70 miles per hour, the motorcycle was still pulling away from him. The motorcycle stopped for a red light at the intersection of Mills Road and Loma Vista. The light turned green before Officer Randall caught up and the motorcycle accelerated rapidly and continued to pull away from the police motorcycle, which was still going approximately 70 miles per hour. At the intersection of Loma' Vista and Day Road, the motorcycle turned right onto Day Road, without stopping for the stop sign at that intersection. The motorcycle continued south on Day Road to Telegraph, where it turned left and began to pass other traffic on the right, while driving in the bicycle lane. The motorcycle slowed quickly when a car, which signaled to make a right turn, made evasive movements, jerking back into its own lane. The car again attempted its right turn and had to avoid Officer Randall as he pursued appellant. The motorcycle turned right on Bryn Mawr, left on Aurora, and pulled into the driveway at 5480 Aurora, where the officer finally made contact with the driver, Ronald Morris.
“Officer Randall testified that he told appellant he was ‘driving like a crazy man’ and that appellant was going to be cited for reckless driving. The appellant stated, T don’t know what came over me,’ and informed the officer that he usually didn’t drive that way. Officer Randall issued the appellant a citation there in the carport area of 5480 Aurora, spending approximately 5 to 10 minutes with the appellant. The appellant never mentioned the existence of a medical emergency to Officer Randall, nor did he seem agitated or in a hurry during his contact with the officer.”
Appellant’s “memory lapse” concerning the medical emergency undoubtedly was an impediment to his factual argument in the trial court.